

**SIGNED THIS 21st day of July, 2021**

THIS MEMORANDUM OPINION HAS BEEN ENTERED ON
THE DOCKET. PLEASE SEE DOCKET FOR ENTRY
DATE.

_____
Paul M. Black
UNITED STATES BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CHAPTER 7 |
| HERBERT SHERMAN TAYLOR | ) |
| LILLIAN MARIE TAYLOR | ) |
| | ) CASE NO. 09-72532 |
| Debtors. | ) |

### MEMORANDUM OPINION

This matter comes before the Court on the motion of Herbert Sherman Taylor and Lillian Marie Taylor (the "Taylors"), appearing *pro se*, to hold Signature Properties of Roanoke, LLC ("Signature"), its principal, and its attorney in violation of the discharge injunction of 11 U.S.C. § 524(a).[1] A hearing was held on July 12, 2021 at which the Taylors and counsel for Signature appeared. The Taylors presented several witnesses and the matter was taken under advisement by the Court. The Court gave the Taylors until July 16 to file additional exhibits not already in the record and allowed Signature to file any additional documents in response by July 21. The

---

[1] The Taylors' claims for relief are vague as to whom they seek relief against and why. The Court construes their efforts as asserting a violation of the discharge injunction. In so doing, the Court notes that a federal court "is not constrained by the pleader's request for relief." *Hamlin v. Warren,* 664 F.2d 29, 30 (4th Cir. 1981). Moreover, the Fourth Circuit has held that *pro se* filings are to be generously construed so "that those litigants with meritorious claims should not be tripped up in court on technical niceties." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277–78 (4th Cir. 1985) (citing *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978)).

1

Taylors filed additional exhibits on July 13, 14 and 15. Signature filed its Supplemental Response on July 20. The matter is now ready for decision. For the reasons set forth below, the Court will deny the Taylors' motion.

## STATEMENT OF THE CASE

The Taylors filed a voluntary Chapter 13 petition in this Court on October 2, 2009. At the Taylors' request, the case was subsequently converted to one under Chapter 7 of the Bankruptcy Code on January 28, 2010. On February 5, 2010, American Home Mortgage Servicing, Inc., as Servicing Agent for Wells Fargo Bank, N.A. as Trustee for MASTR Asset Backed Securities Trust 2004-OP1 (the "Lender") filed a motion for relief from the automatic stay against the Taylors' principal residence, generally known as 709 Tuck Street NE, Roanoke, Virginia 24012 (the "Property"). ECF 34. The motion alleged that the Taylors were delinquent in excess of $20,099.76 through February 28, 2010. *Id.*

On March 11, 2010, after initially contesting the motion for relief, the Taylors consented to the entry of an Order lifting the stay against the Property. In pertinent part, the Order provides as follows:

> The debtor [sic] having no defense to the relief requested by the movant and the Trustee having filed no response, relief was granted.
> IT IS HEREBY ORDERED that the automatic stay provided for by Section 362(a) of the United States Bankruptcy Code is hereby lifted to allow American Home Mortgage Servicing, Inc., as Servicing Agent for Wells Fargo Bank, N.A. as Trustee for MASTR Asset Backed Securities Trust 2004-OP1 to exercise its rights under state law for the property known as:
> 709 Tuck Street, NE, Roanoke, Virginia 24012.
> The automatic stay shall also be lifted to allow the successful purchaser to take whatever lawful steps it deems necessary to obtain possession of the above-mentioned property pursuant to Virginia law.

ECF 48. The Taylors subsequently received their discharge on April 27, 2010, and the case was closed on May 26, 2010. ECF 52, 56.

Thereafter, the Lender moved to foreclose. Despite conceding in the bankruptcy case that they had no defense to the motion for relief from stay, the Taylors subsequently developed a contentious relationship with the Lender in state court. According to an accounting filed with the Commissioner of Accounts for the City of Roanoke, Virginia, it appears that the Property was foreclosed on August 19, 2016, with the Lender being the high bidder at the sale. ECF 62-1, pp. 16-19. A Trustee's Deed dated August 31, 2016 was recorded as Instrument No. 160009280 in the Clerk's Office of the City of Roanoke, Virginia conveying title to the Lender. ECF 62-1, pp. 38-41. Thereafter, by certified letter dated September 29, 2016, the Lender, and at the time of the letter the owner of the Property, made demand for possession against the Taylors as occupants. An unlawful detainer was subsequently filed against the Taylors, as defendants, in the Roanoke City General District Court. From the record submitted by the Taylors, it appears that the Lender prevailed on September 5, 2017 in General District Court as the Lender obtained a judgment for possession. The Taylors then appealed to the Circuit Court for the City of Roanoke. ECF 62-1, pp. 56-57. The Circuit Court affirmed the General District Court by Order entered December 7, 2017.[2] The Circuit Court Order further provided as follows: "[I]t is further ORDERED, that the Defendants/Appellants shall vacate the property located at 709 Tuck Street NE, Roanoke, Virginia 24012 by December 31, 2017." ECF 62-1, p. 50.

For unexplained reasons, the writ of possession was not executed against the Taylors by the Lender. Instead, the Lender sold the Property to Signature by Special Warranty Deed dated December 15, 2020, and recorded in the Clerk's Office of the City of Roanoke Circuit Court on

---

[2] The record reflects that the Taylors were represented by attorney Phillip E. Brown in the bankruptcy case, attorney James A. Steele III in the General District Court case, and attorney Melvin Hill in the Circuit Court case. The Court takes judicial notice from the docket of the Supreme Court of Virginia that a petition for appeal was made to that court, which was refused on September 18, 2018. A different set of attorneys represented the Taylors in that appeal. Mr. Brown withdrew as counsel in the bankruptcy case, with leave of court, after the *pro se* motion to reopen this case was filed.

3

December 16, 2020 as Instrument No. 200013661. ECF 62-1, pp. 59-61. Signature made demand for possession against the Taylors on January 6, 2021, and subsequently filed its own unlawful detainer against the Taylors in Roanoke City General District Court. Thereafter, after a judgment was rendered against them, the Taylors appealed again to the Roanoke City Circuit Court, which affirmed. It appears that the Taylors either vacated the Property voluntarily or were evicted. At the hearing conducted on July 12, 2021, it was explained that the Taylors no longer are in possession of the Property, but now reside with their daughter. The Taylors, having failed at every level in state court in an effort to retain the Property, now come to this Court for assistance. While the Court is sympathetic to the Taylors, who are very emotional about the loss of the Property, there is no assistance this Court can provide.[3]

## JURISDICTION

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the referral made to this Court by Order from the District Court on December 6, 1994 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

## CONCLUSIONS OF LAW

A debtor's desire to pursue a violation of the discharge injunction is an appropriate reason to reopen a closed bankruptcy case, in that 11 U.S.C. § 524(a)(2) provides that a discharge operates as an injunction against efforts to collect debt as a personal liability of the debtor. However, there is an important caveat to the discharge injunction. There is little to

---

[3] The Taylors called Samuel Huffman, an employee of Wells Fargo, to testify that he was unable to locate any records of the Taylors being indebted to the bank. The documents filed by the Taylors, which are the primary documents cited above, set forth the background of this dispute, especially what happened in state court after their discharge was obtained. Mr. Huffman's testimony was neither helpful nor instructive.

4

prevent a creditor from proceeding *in rem* against the debtor's property when such property secures a pre-petition debt. *Thompson v. Board of Trustees of the Fairfax Cnty. Police Officers Ret. System (In re Thompson)*, 182 B.R. 140, 154 (Bankr. E.D. Va. 1995). As stated in *Thompson*,

> A discharge affects a debtor's liability *in personam.* It "operates to permanently stay any attempt to hold the debtor personally liable for discharged debts." *River Place East Housing Corp. v. Rosenfeld (In re Rosenfeld),* 23 F.3d 833, 836 (4th Cir.), *cert. denied,* 513 U.S. 874, 115 S.Ct. 200, 130 L.Ed.2d 131 (1994). Unless a security interest or lien is avoided, a discharge has little, if any, impact on a creditor's ability to proceed *in rem* against the property securing the claim. *See Johnson v. Home State Bank,* 501 U.S. 78, 82–83, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66 (1991) ( "[The Bankruptcy] Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy."); *Farrey v. Sanderfoot,* 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991) ("Ordinarily, liens and other secured interests survive bankruptcy.").

*Thompson*, 182 B.R. at 154, *subsequently aff'd*, 92 F.3d 1182 (4th Cir. 1996); See also, *In re Roberts*, No. 10-51861, 2013 WL 1844709 (Bankr. W.D. Va 2013).

That is what happened here. The Taylors received their discharge, and prior to that, the Lender also received relief from stay. The Lender exercised its rights as it was permitted to do under its loan documents and applicable state law. There is no evidence in any of the documents submitted to the Court or otherwise that the Lender or Signature have attempted to enforce any personal liability against the Taylors for a debt that was discharged in bankruptcy. The sole action taken was by the Lender to exercise its *in rem* rights against the Property. In so doing, it bid in the Property at the foreclosure sale, took title, and subsequently sold it to Signature. Signature was within its rights to pursue its entitlement to possession in state court, which it appears to have done. It seeks to enforce no debt discharged in bankruptcy as a personal liability of the Taylors. There is no evidence of any violation of the discharge injunction.

To the extent the Taylors seek to challenge the actions of a state court before this Court, this Court cannot and does not sit to review state court judgments. "'Federal bankruptcy courts, like the federal district courts, are courts of limited jurisdiction. *Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 399 (4th Cir.1992).'" *In re Kirkland*, 600 F.3d 310, 315 (4th Cir. 2010). Further, as stated in *Jordahl v. Democratic Party of Virginia*, 947 F. Supp. 236, 240 (W.D. Va. 1996), *aff'd*, 122 F.3d 192 (4th Cir. 1997),

> United States District Courts lack the authority to "sit in direct review of state court decisions." *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 1315 n. 16, 75 L.Ed.2d 206 (1983) (quoting *Atlantic Coast Line R. Co. v. Locomotive Engineers,* 398 U.S. 281, 296, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970)). *See also Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). This prohibition, which has come to be known as the Rooker–Feldman doctrine, extends not only to constitutional claims that were presented to or adjudicated by the state court but also to those that are "inextricably intertwined" with a state judgment. *Feldman,* 460 U.S. at 486–87, 103 S.Ct. at 1316–17. *See also Guess v. Board of Medical Examiners of N.C.,* 967 F.2d 998, 1004 n. 2 (4th Cir. 1992); *Leonard v. Suthard,* 927 F.2d 168, 169–170 (4th Cir. 1991); *Czura v. Supreme Court of S.C.,* 813 F.2d 644, 646 (4th Cir. 1987). Moreover, the Rooker–Feldman doctrine precludes review not only of adjudications of a state's highest court but decisions of lower state courts as well. *See Port Authority Police Benevolent Ass'n v. Port Authority of N.Y. and N.J. Police Dep't,* 973 F.2d 169, 177 (3d Cir. 1992).

The Rooker-Feldman doctrine equally applies to United States Bankruptcy Courts. *Young v. Doe (In re Young)*, No. 16-60353, A.P. No. 16-06006, 2017 WL 391864 (Bankr. W.D. Va. Jan. 25, 2017).

The Property was scheduled as an asset of the Taylors and was not otherwise administered at the time of closing the bankruptcy estate. It was deemed abandoned to the Taylors when the case was closed. 11 U.S.C. § 554(c). The stay was lifted by consent prior to

discharge. There is no asset to be administered, and there is no violation of the discharge injunction. There is no relief that can be granted by this Court.[4]

## CONCLUSION

For all of the foregoing reasons, the Taylors' request to hold Signature, its principal, and its attorney in violation of the discharge injunction is denied. A separate Order will issue.

---

[4] Although the Taylors' contentions are not completely clear, it appears that they contend that once they received their discharge, they either became the owners of the Property debt free or they had no further responsibility to make the payments in order to retain it. In General District Court, their attorney took the position that "Defendants filed for Bankruptcy in 2009 and state that 709 Tuck Street NE, Roanoke, Virginia 24012 became their sole property in the course of the bankruptcy proceedings." ECF 62-1, p. 48.